[No. 8299.]

## THE PEOPLE V. LOOMIS ET AL.

1. BAIL—*Surrender.* An accused person released on bail, is, in contemplation of law, in the custody of his sureties. They may at their pleasure seize and surrender him to the sheriff of the county in which the recognizance was taken, at any time before forfeiture and execution ordered against them. If, at the same time, a certified copy of the recognizance is delivered to the sheriff, it is his duty to take the accused into custody, and, in writing, acknowledged the surrender. (204, 205.)

2. —— *Second Arrest of Principal—Effect.* The arrest of the principal upon *alias capias,* without declaring a forfeiture of the recognizance, discharges the sureties. The subsequent escape of the principal is not material. (205, 206.)

*Error to Denver District Court.* Hon. CHARLES CAVENDER, Judge.

Mr. JOHN A. RUSH, District Attorney, Mr. ROBERT H. KANE, Deputy District Attorney, Mr. WAYNE C. WILLIAMS, Assistant District Attorney, for The People.

Mr. CHARLES A. MURRAY, for defendants in error.

WHITE, J., delivered the opinion of the court.

Carlton M. Hedrick was convicted of embezzlement in the District Court of the City and County of Denver. To the judgment entered thereon he prosecuted writ of error

in this court, and in due time an order was entered granting a stay of execution of the judgment upon condition that he enter into a recognizance to The People before the sheriff of the county in a designated sum. A bond, with Hedrick as principal and William A. McCutcheon and Lee L. Loomis, sureties therein, was tendered to and approved by the sheriff, and Hedrick released. The superseded judgment was by this court reversed and a remittitur issued to the District Court for further proceedings in the premises. The proceeding at bar involves the liability of the sureties upon the Hedrick bond. The issues were determined in their favor on the pleadings upon motions interposed for judgment thereon by all the parties to the controversy, and The People herein seek to have that judgment reversed. The validity of the bond is questioned on the ground that certain conditions required by the statute to be inserted therein are wholly omitted therefrom. We shall not consider the validity of the bond, for it is clear that matters and things occurring subsequent to its execution have released the sureties of liability thereon. The undisputed facts show that during the time the cause was pending in this court, and for some months after it was remanded to and entered upon the docket of the District Court, Hedrick remained within the jurisdiction of the court, and in no way violated any order in the premises; that several continuances of the cause were entered in the District Court, but Hedrick did not personally appear; that thereafter an *alias capias* was issued in the cause from the District Court, and delivered to the sheriff, commanding him to take the body of Hedrick and safely keep him so that he might be and appear before the said court forthwith; that thereupon the sheriff advised the sureties on Hedrick's bond that Hedrick was wanted in the court under the aforesaid *capias;* that the sureties ascertained the whereabouts of Hedrick, and informed the sheriff where he could be found; that the sheriff then and there arrested Hedrick, and took him into actual custody, and so

held him for some time, when he escaped, and has not been heard of since, that thereafter the sheriff was directed to bring the aforesaid bond into court, which was done, and an order of forfeiture was entered thereon. The pleadings of defendants in error contain the further allegation, which is denied by plaintiff in error, that the sureties, or one of them, directed the sheriff to take Hedrick into custody under the *capias*, and informed the sheriff that the sureties thereby surrendered Hedrick, and would not be further responsible on account of the bond, and that the sheriff so agreed.

Without regard to the controverted allegations of the pleadings, the admitted facts contained therein exonerate the sureties from all liability upon the bond. Upon the release of a person on bail he is, in contemplation of the law, in the custody of his sureties; and the consideration of the bond, accruing to the sureties, is his freedom from any other custody. The liability of the sureties is based upon their legal authority over the person bailed. If they desire, they may, with or without a reason therefor, at any time before an execution is ordered against them because of the forfeiture of the bond by their principal, seize and surrender him to the sheriff of the county wherein the bond shall have been taken, and the sheriff, if at the same time there is delivered to him a certified copy of the bond, cannot refuse to take the principal into custody, and in writing acknowledge such surrender. § 1948 Rev. Stat., 1908. If Hedrick, the principal in the bond, had not appeared in the District Court in conformity with his obligation, The People might have had a forfeiture declared, and a *scire facias* issued to and served upon the sureties, and if no action on the part of The People had intervened, and the sureties failed to produce the principal, a judgment, absolute against them, could have been entered. The People, however, in no wise attempted to follow this procedure. On the contrary, without attempting to declare a forfeiture of the bond, they acted affirmatively in the premises, and put it out of the

power of the sureties to maintain custody of their principal, or to seize him for the purpose of delivering him to the sheriff. The People by the second *capias* demanded the custody of Hedrick, and commanded the sheriff to take possession of him. The sureties had the right, under the statute, to surrender the custody of their principal to the sheriff, and when they did so, upon demand of The People, he was as legally in the custody of the state as if the sureties had delivered him to the sheriff, under strict compliance with the terms of the statute. It must be presumed that the *capias* was lawfully issued, and when the principal was taken into custoday thereunder, and the sureties acquiesced therein it was, in law and fact, the reassumption of The People, through court procedure, of full authority over the accused in relation to the offense with which he was charged and for which the bond was given. It was, in substantial effect, the taking back, with the consent of the sureties, of the consideration which they received for executing the bond. This necessarily rendered the bond non-effective, and released the sureties from obligation in the premises. We are satisfied that the trial court had a right conception of the law under the facts of this case, and the judgment is, therefore, affirmed.

*Judgment affirmed.*

GABBERT, C. J., and BAILEY, J., concur.