## No. 9471.

### SMITH ET AL. *v.* THE PEOPLE.

BAIL—*Liability of Surety.* The surety is not to be charged where it appears that without her fault, or the fault of the principal he was unable to perform the condition of the bond, e. g., where the principal was insane, or by sickness was detained from appearing at the date appointed for his appearance.

Judgment of forfeiture reversed, but on payment of costs by the surety.

*Error to Chaffee District Court, Hon. James L. Cooper, Judge.*

*Department one.*

Mr. JOHN A. RUSH, Mr. FOSTER CLINE, for plaintiffs in error.

Mr. T. LEE WITCHER, Mr. A. R. MILLER. for The People.

Opinion by Mr. Justice Teller.

PLAINTIFFS in error were sureties on a criminal recognizance given for the appearance of one Minnie De Lage, who was charged with a felony.

On the return day of the recognizance the defendant did not appear, and the bond was, therefore, forfeited, and a

*scire facias* issued requiring the sureties to show cause why judgment for the penalty named should not be rendered against them.

To this they answered alleging that the accused was insane on the return day, and was still insane; that she was in the custody of the sheriff of a county in Texas, under a criminal charge, and that there was then pending in Texas a proceeding to determine the question of her sanity.

A general demurrer to the answer was sustained, and judgment entered for $1,000 against said sureties.

They bring the case here on error.

The demurrer admits the allegations of the answer, including the allegation that the accused was insane on the return day and when the answer was filed, and was in the custody of the law in Texas.

There is, therefore, presented the question whether or not the sureties are relieved from their obligation to produce their principal in the recognizance by the fact that she is insane and in the custody of another state.

It is plain that the purpose of a recognizance is merely to insure the presence for trial of a person accused of a bailable offense.

The enriching of the public treasury is no part of the object at which the proceeding is aimed.

There is no reason for penalizing the sureties when it appears that they are unable, by no fault of their own or of their principal, to perform the condition of the bond. Moreover, to produce for trial an insane person would serve no good purpose as the trial could not proceed.

These considerations have been many times recognized by the courts, which have set aside forfeitures and vacated judgments on bail-bonds when the principal has been prevented by death, sickness or insanity from appearing as required by the bond. Such cases come within the rule which relieves from the obligation of a contract rendered impossible of performance by an act of God.

"Ordinarily insanity of the principal is a good defense for non-performance of the obligation of the bond." 2 R. C. L. par. 67.

In *Chase v. People,* 2 Colo. 481, this court held that when a principal in a recognizance was on the return day prevented by sickness from appearing,—such sickness not being the result of fault or misconduct on his part,—a judgment of forfeiture should be set aside, when the facts were made to appear. In that case it was held that the costs should be paid by the sureties.

In *Scully v. Kirkpatrick,* 79 Pa. St. 324, 21 Am. Rep. 62, a number of cases are cited to the effect that sickness and insanity, as well as death, excuse performance of the condition of a recognizance.

The rule is well settled, and has our entire approval. It may be that, on a hearing upon an issue made as to the alleged insanity, it will appear that the accused is not or was not insane.

The judgment will be reversed on payment of costs by the plaintiffs in error, and such further proceedings may be had in the cause as are consistent with the views hereinbefore expressed.

Chief Justice Garrigues and Mr. Justice Burke concur.