No. 21165.

UNION BENEFIT FIRE INSURANCE COMPANY *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(416 P.2d 368)

Decided July 5, 1966.

ALLAN F. ASHER, SANDY F. KRAEMER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

PLAINTIFF in error, Union Benefit Fire Insurance Co.,

seeks reversal of a judgment entered against it by reason of the forfeiture of a recognizance bond in the amount of $15,000, upon which one Roger L. Graves was principal and it was surety.

Union Benefit is the plaintiff in error here and will be referred to by name or as the surety. The People of the State of Colorado, the defendant in error, will be referred to as the People.

The record discloses the following chronology: On August 23, 1962, Graves was sentenced by a District Court in the State of Nevada to a term of one to fifteen years in the state penitentiary. Thereupon, he was admitted to bail in the amount of $12,000 pending appeal. This particular bail bond was posted by the Cosmopolitan Insurance Company through one Embry as its authorized agent.

On September 10, 1962, an information was filed against Graves in Colorado charging him with the crime of burglary. The following day, Graves was released on bail with Union Benefit acting as surety. Embry was also the authorized agent for Union Benefit. This bail, for which the bond is in issue here, was in the amount of $15,000. The return date was set for November 13, 1962.

On November 9, 1962, the Nevada District Court ordered Cosmopolitan Insurance Company to deliver Graves to the custody of the sheriff of Lincoln County, Nevada. The order also provided that the bond posted by Cosmopolitan was to *remain in full force and effect until Graves had been placed in custody with the Nevada authorities.*

Meanwhile, Graves failed to appear before the Colorado court on November 13, 1962 as scheduled. As a result, and in compliance with the procedure under our statutes and Rules of Criminal Procedure governing forfeiture of criminal bonds, Graves' bond was ordered forfeited and a writ of scire facias issued against Graves and Union Benefit commanding each of them to personally appear before the court on December 10, 1962

to show cause why judgment should not enter and execution issue on the bond. On December 10, the court permitted Union Benefit a thirty day continuance on the order to show cause.

Sometime in late November or early December, 1962, Embry was advised that Graves was in Hobbs, New Mexico. He thereupon went to Hobbs and took custody of Graves. Although Graves' bond in Colorado had been forfeited by the time he was apprehended by Embry, the court had not as yet entered judgment upon the order to show cause thereby giving Embry, as agent for the surety, the right to surrender Graves to the proper authorities in Colorado and pay the costs incurred by the People due to Graves' failure to appear on November 13. Under these circumstances, the full penal amount of the bond would not be imposed on the surety. C.R.S. '53, 39-2-18 and Rule 46, Colo. R. Crim. P. Moreover, there was not at this time any forfeiture of the Nevada bond since the order directing that Graves be apprehended and delivered to the Nevada authorities expressly stated that the appeal bond posted there was to remain in full force and effect until Graves was delivered into custody in Nevada. Nevertheless, Embry chose to deliver Graves to the sheriff of Lincoln County, Nevada, rather than to Colorado, and Graves was placed in jail in Nevada on December 12, 1962.

Back in Colorado, and after numerous continuances, the hearing on the order to show cause was held. Union Benefit had moved to quash the writ of scire facias; however, after testimony was taken, it became apparent to the court and the court so found that it was the surety's own act of turning Graves over to the Nevada authorities which prevented Graves' appearance in Colorado. Thereupon the court held that the surety had failed to show good cause why execution should not be entered against it on the bond. The motion to quash was therefore denied, judgment was entered against the surety and execution ordered to be issued.

Union Benefit seeks reversal of the judgment of the trial court in this writ of error.

■ Union Benefit contends here, as it did in the proceedings below, that since Graves had been in custody in Nevada since December 12, 1962, and was in custody at the time judgment was entered, it was impossible for them to return him to this state and the forfeiture should therefore be set aside. This fact, in addition to Union's willingness to pay the expenses of returning Graves to Colorado at the termination of his sentence in Nevada, they contend, should relieve them from the forfeiture. We do not agree.

Union would have us apply the rule announced in *Allison v. People,* 132 Colo. 156, 286 P.2d 1102, that incarceration of a principal on the return date of his bond permits relief from forfeiture of the bond. That rule has no application to the facts here. Graves was not incarcerated on the return date. He was at large and was not imprisoned until thirty days *after* the date he was to appear in Colorado. Union Benefit, through its agent, Embry, had the opportunity of returning Graves to Colorado before judgment was entered and thus be absolved under our statutes of any liability other than costs incurred by the People by reason of Graves' failure to appear. Nevertheless, it chose to return the accused to Nevada and thus, by its own action, made Graves' appearance in Colorado impossible at the time the court finally held the hearing in the scire facias proceeding. Under such circumstances, the trial court's judgment entered upon the forfeiture was correct, and we find no reason for any remission.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE SCHAUER concur.