No. 22226.

THE PEOPLE OF THE STATE OF COLORADO *v.* DAVID RALPH JARAMILLO, C. J. HERBERTSON, TIMOTHY CISNEROS, LUPE CISNEROS, JOSEPH JARAMILLO AND MARTHA JARAMILLO.
(428 P.2d 67)

Decided May 29, 1967.

---

*Retired District Judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

Duke W. Dunbar, Attorney General, John Moore, Assistant, Bert M. Keating, District Attorney, Gregory A. Mueller, Assistant, Patricia W. Brittain, Deputy, for plaintiff in error.

Donald L. Dill, for defendant in error C. J. Herbertson.

*En Banc.*

Mr. Chief Justice Moore delivered the opinion of the Court.

David Ralph Jaramillo was named as defendant in a two count information in which he was accused of having possession of heroin, a derivative of opium, and of conspiracy to commit that offense. He was released from custody on a $2,000 bond in which C. J. Herbertson appeared as surety. While awaiting trial Jaramillo was again named defendant in a second case for a different but similar offense. He was released from custody on

bond furnished by the other defendants in error appearing in the above caption.

While free from custody on the foregoing charges Jaramillo entered a plea of guilty to still another information which was filed against him in the county court of the City and County of Denver, and was sentenced to a term of one year in the county jail. He began serving this sentence in February, 1965. No action was taken upon either of the above-mentioned district court actions, and as far as those cases were concerned the accused was still at liberty on bond in each case. The return dates on the bonds were October 19, 1965, and October 26, 1965, respectively, on which dates the cases had been set for trial.

In July, 1965, Jaramillo escaped from jail, where he was confined following his sentence to one year imprisonment. Since then he has not been apprehended nor are his whereabouts known. Thus, on October 19, 1965, and October 26, 1965, he was at large. Upon his failure to appear pursuant to the terms of his appearance bonds, the district attorney by oral motion asked for entry of an order forfeiting the bonds and for the issuance of an alias capias. The capias was issued and a hearing date was set for the motion involving a bond forfeiture.

At the hearing on November 2, 1965, it appeared that Jaramillo had been sentenced to jail and had escaped as hereinabove set forth. The matter was continued and the sureties were served with a copy of a petition for issuance of a citation to appear and show cause why the bonds should not be forfeited. Prior to the issuance of any citation based upon this petition, Herbertson, one of the sureties, voluntarily appeared and contended that since Jaramillo had been imprisoned and had made his escape while in custody at the jail of the City and County of Denver, he was not under the control of the sureties on the bonds, and for that reason the bonds were not subject to forfeiture and no order to show

cause should be issued. The trial court sustained the position taken by Herbertson; denied forfeiture of the bonds; and refused to issue the citation. Actually, until a citation had issued following a forfeiture there was no matter before the court for determination. The People are here on writ of error directed to that judgment.

■■ Counsel for the People rely on Colo. R. Crim. P.46(e)(1) where we find the following: "If there is a breach of condition of a bond, the court shall declare a forfeiture of the bail." Under this rule, and the holding of this court in *People v. Johnson,* 155 Colo. 392, 395 P.2d 19, the proper time to declare a forfeiture of the bond furnished on behalf of a defendant who fails to appear at the time appointed, is on the day and hour specified in the bond for appearance. In the case above mentioned this court stated:

"To delay forfeiture proceedings for six months, or for any period of time (except for good reason shown), is unwarranted and jeopardizes the rights of the People, and may well leave with defendants and sureties the impression that bonds are of minor importance and be ignored with slight danger of any appreciable adverse effect on them."

In the instant action there was no delay in the request for forfeiture — it was denied by the trial court.

Rule 46(e)(3) of the Colorado Rules of Criminal Procedure provides that liability under a bond may be enforced, without the necessity of an independent action, by the court ordering the issuance of a citation directed to the obligor to show cause, if any there be, why judgment should not enter. Although there is no necessity for an independent action, the People did file a petition for citation to show cause after the trial court refused to forfeit the bond on oral motion.

A hearing date on the citation to show cause is required by law to be set not less than 20 days after the service of the citation. In this case, the bonds have not been forfeited, and a citation has not issued. At the

hearing on the People's request for a forfeiture one of the sureties was present with counsel. The other sureties have never appeared in court, and have never been ordered to appear. The sureties are unaffected by the defendant's failure to appear and their potential liability remains unenforceable while the bonds remain unforfeited. A bond forfeiture, and the possibility of a judgment being entered on the forfeiture, would undoubtedly be an incentive for the sureties to locate the defendant. As stated in the case of *State v. Jakshitz*, 76 Wash. 253, 136 P.132, one of the reasons for granting bail is:

"* * * that in cases of flight, a recapture may be aided by the bondsman who, it is presumed will be moved by an incentive to prevent judgment, or if it has been entered, to absolve it and to mitigate its penalties."

Rule 46(e)(2), Colorado Rules of Criminal Procedure, provides for the setting aside of a forfeiture, upon conditions imposed by the court. In setting aside a forfeiture, the court considers the reasons which have rendered the performance of the bond impossible or excusable. In the case of *Allison v. People*, 132 Colo. 156 286 P.2d 1102, this court discussed the various grounds for setting aside a forfeiture or vacating or remitting a judgment on a forfeiture. A surety is entitled to relief from liability when the appearance of the accused is made impossible or excusable,

"* * * (a) by an act of God; (b) by an act of the obligee; or (c) by an act of law. * * * Where the principal in a bail bond is in prison within the State, pursuant to a judgment of a Court of competent jurisdiction of the State, the case comes within the second category. State v. Eller, 218 N.C. 365, 11 S.E. 2d 295; Am. Jur. Sec. 139, p. 102. * * *"

When a surety is prevented by an "act of the obligee" from producing a principal in court at the time specified for appearance, equitable relief from the entry of a judgment should be granted. However, in the case

now before the Court, the defendant was not imprisoned at the time set for his appearance. He was at large, and failed to appear at the designated time.

Colo. R. Crim. P. 46(f) sets forth three methods by which the obligor shall be exonerated from liability on a bond. These are: By satisfying the conditions of the bond; by paying the amount of the forfeiture of a bond; or by surrendering the defendant into custody before a judgment on an order to show cause. The method for surrendering the defendant is clearly set forth and may be done at any time, even while the defendant is in custody on another offense. In this case, the defendant began serving a sentence in the Denver county jail in February of 1965. From that time until the time set for appearance in October of 1965, the sureties could have exonerated themselves from any possible liability by surrendering the defendant while he was in custody. This could as well have been accomplished by asking leave of the court to be removed from the bond, and by delivering a certified copy of the bond to the sheriff. This was not done.

■ The trial court by refusing to forfeit the bond has created a fourth method of exoneration which relieves the surety of any liability, without satisfying the conditions of the bond, without surrendering the defendant, without paying a judgment on the forfeiture, and in fact without ever appearing in court on a citation to show cause. Such refusal is clearly without legal sanction.

The judgment is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

Mr. Justice McWilliams not participating.