## No. C-1223

**Kenneth Owens and Randolph Schliesser v. The People of the State of Colorado**

(572 P.2d 837)

Decided December 27, 1977.

Trujillo and Bieda, Michael L. Bieda, for petitioner.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Sharon S. Metcalf, Assistant, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Petitioner is here seeking to have reviewed the denial of a motion for the return of a forfeited bond. *People v. Schliesser*, 39 Colo. App. 54, 563 P.2d 377 (1977).

On December 17, 1974, petitioner Owens, a licensed bail bondsman, posted a $2,500.00 corporate surety bond to assure the appearance of defendant Schliesser at his probation revocation hearing on March 7, 1975. Schliesser did not appear on that date. Subsequently, pursuant to statutory authority, the bond was forfeited.

On December 8, 1975, the defendant voluntarily returned to Colorado, and the bondsman delivered the defendant to the sheriff.

A motion for return of the forfeited bond was filed. At the hearing on this motion a stipulation signed by counsel for the petitioner and a representative of the district attorney's office was presented to the court. This stipulation, in pertinent part, reads as follows:

"The People of the State of Colorado have incurred no expenses as a result of Defendant's failure to appear, the Bondsman having incurred all costs of returning him to custody. The People have lost no legal rights against Defendant as a result of his nonappearance.

"The Defendant's mother . . . is by contract, obligated as a guarantor to the Bondsman for the entire $2,500. She is presently making payments of $75 per month to the Bondsman until the obligation is met. . . .

"Mrs. Schliesser's obligation to the Bondsman is working an extreme hardship on her and her family in that often her children must go without

food and clothing because there is not enough money to provide them with these necessities. If she did not have to make the $75 per month payments, her children would not be deprived of these necessities.

"Mrs. Schliesser, as a guarantor on the bond, is in the position of a surety."

At this proceeding the representative of the district attorney's office informed the court that he did not oppose the motion for the return of the bond.

The trial court denied the motion to return the bond. The court of appeals affirmed. We granted certiorari and we now reverse the court of appeals.

██ The decision as to whether or not a forfeited bond should be remitted is entrusted to the trial court's discretion by section 16-4-109(3), C.R.S. 1973 and Crim. P. 46(a)(8)(III). Both of these provisions state that bond forfeitures may be vacated "if it appears that justice so requires." This standard is essentially an appeal to the conscience of the court. No clear rule can be set down which will guide the trial court in every case since the facts and circumstances of each individual case must be considered in their totality. No one factor will be determinative in all cases.

██ We stated the policy of this state with respect to forfeited bonds in *Allison v. People*, 132 Colo. 156, 286 P.2d 1102 (1955) where we quoted with approval the following statement relating to the giving of bail from *State v. Jakshitz*, 76 Wash. 253, 136 P. 132 (1913):

". . . That the state may be relieved of the burden of keeping an accused person; that the innocent shall not be confined pending a trial and formal acquittal; that, in cases of flight, a recapture may be aided by the bondsmen who, it is presumed will be moved by an incentive to prevent judgment, or, if it has been entered, to absolve it and to mitigate its penalties. *To accomplish these things and others, courts have been liberal in vacating judgments entered on bail bonds, exercising always a broad discretion and in proper cases preserving the equities of the public by deducting such costs and expenses as may have been incurred by the state.* To hold otherwise would discourage the giving of bail and defeat the manifest purpose of the statute." (emphasis supplied)

In addition, we stated in *Smith v. People*, 67 Colo. 452, 184 P. 372 (1919), that

"The enriching of the public treasury is no part of the object at which the proceeding is aimed.

"There is no reason for penalizing the sureties when it appears that they are unable by no fault of their own or of their principal, to perform the condition of the bond."

██ Applying these policies, we find after reviewing the unique facts of this case that the trial court abused its discretion in denying the motion

for return of the forfeited bond.

Accordingly, we reverse the decision of the court of appeals and the cause is returned to it for remand to the District Court with directions to return the forfeited bond.

MR. JUSTICE GROVES does not participate.