**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Michael V. ROTHE, Surety-Appellant,**

**and**

**Alma Tate, Defendant.**

**No. 79CA0393.**

Colorado Court of Appeals,
Div. II.

Oct. 11, 1979.

Rehearing Denied Nov. 15, 1979.

Certiorari Denied Feb. 11, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Terry L. Perlet, Colorado Springs, for surety-appellant.

RULAND, Judge.

Bail bondsman, Michael V. Rothe, appeals from a summary judgment requiring him to forfeit two bail bonds for defendant, Alma Tate. We affirm.

Defendant was arrested in July of 1978 and again on September 27, 1978, and charged with certain felony offenses. Each time, a bond of $5,000 was posted by Rothe acting on behalf of International Fidelity Insurance, and defendant was released. Both bonds were outstanding when, on September 28, 1978, defendant was arrested for a third time by city police officers based on information that another warrant was outstanding. She was taken to the county jail, but sheriff's officers were unable to locate any warrant and were unable to determine what type of warrant was outstanding because of the late hour. Accordingly, the officers advised defendant to return the next day accompanied by her bail bondsman. The following day the sheriff's office received a warrant for defendant's arrest for aggravated robbery. However, defendant did not return and has not been located since.

After hearings on both cases, judgment was entered against Rothe, and the court ordered both bonds forfeited. No issue was raised in the trial court or on this appeal as to the validity of the judgment against Rothe individually. *See People v. Calloway,* 40 Colo.App. 543, 577 P.2d 1109 (1978).

Rothe argues that the release of the defendant, after officers informed her that she would be arrested again, constituted interference by the state with the defendant's appearance sufficient to exonerate him from any liability on the bonds. In support of his argument, Rothe cites § 16–4–109(3), C.R.S.1973 (1978 Repl. Vol.), and Crim.P. 46(a)(8)(III) which authorize the court to set aside bond forfeitures "if it appears that justice so requires."

■ The decision not to order the return of a forfeited bond may be reversed only if it appears that the trial court has abused its discretion. *Owens v. People,* 194 Colo. 389, 572 P.2d 837 (1977). Here, there appears no act by the state which either excused defendant's appearance or made it impossible for her to appear. Quite the contrary, the county sheriff's officers specifically suggested that defendant return the next day. Hence, we perceive no abuse of discretion.

■ Rothe's second argument is that he is entitled to relief by virtue of § 16–3–105, C.R.S.1973, which provides procedures by which a person arrested without a warrant may be released. Rothe argues that the sheriff's office failed to comply with the statute in releasing the defendant. However, because the defendant's release was predicated upon the absence of a warrant, and because the officers had no probable cause to hold the defendant without a warrant, there was no basis to detain the defendant further. *See* § 16–3–102, C.R.S. 1973 (1978 Repl. Vol.).

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.