The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Daniel Frank **SAVIANO** a/k/a Daniel Mattas,

and concerning Lucy Mattas, Surety-Appellant.

No. 82CA1090.

Colorado Court of Appeals, Div. III.

Oct. 13, 1983.

Rehearing Denied Nov. 10, 1983.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sp. Asst. Atty. Gen., Marie Volk Bahr, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Terry L. Perlet, Colorado Springs, for surety-appellant.

KELLY, Judge.

Appellant, Lucy Mattas, is the surety on an $8,000 bond posted to secure the presence in court of her husband, Daniel Frank Saviano, a/k/a Daniel Mattas. Saviano's failure to appear on two occasions resulted in forfeiture of the bond. The surety appeals the trial court's order remitting only $2,000 of the bond. We reverse.

Saviano was charged with first and second degree assault and two counts of crime of violence. Bond was set at $8,000 which was met by Saviano and Mattas assigning to the court their rights in a joint savings account which had been set up in quasi-trust for their son's college education. When Saviano first failed to appear, forfeiture was stayed, but when he again failed to appear, the bond was forfeited.

Saviano was later apprehended in Costa Rica at which time the El Paso County district attorney declined to extradite. Saviano was thereafter returned to Denver on federal charges. While in Denver, the United States District Court ordered that Saviano be held for El Paso County authorities. One month later, however, that order was vacated at the request of the El Paso County assistant district attorney, at which time Saviano was sent to Oklahoma to serve his sentence.

Thus, although Saviano was available over an extended period of time, the El Paso County district attorney did not pursue prosecution, and ultimately dismissed the charges. The district attorney took no position in the trial court as to the issue of remittance of the bond. Several hearings were held before the trial court, which ordered that $2,000 be returned "as a matter of grace."

Mattas argues that the trial court abused its discretion in declining to remit the entire bond. She posits that the state lost no legal rights against Saviano and expended no money in securing his presence in the state. She also asserts that she did everything possible to induce Saviano's return and in fact convinced him to waive extradition and seek a speedy disposition. Also, she demonstrates that she and her son will undergo severe hardship if the bond is not remitted.

■ After a bond has been properly forfeited, its remittance is entrusted to the discretion of the trial court. *Owens v. People*, 194 Colo. 389, 572 P.2d 837 (1977); *People v. Rothe*, 43 Colo.App. 274, 606 P.2d 79 (1979). *See* § 16–4–109(3), C.R.S.1973 (1978 Repl.Vol. 8); Crim.P. 46(a)(8)(III). The trial court's decision will be disturbed only if that discretion has been abused. *People v. Rothe, supra.*

Mattas does not contend that the bond was improperly forfeited. Rather, she asserts that justice will be best served by the remittance of the bond. We agree.

The Colorado Supreme Court has declined to enunciate a mechanical rule to be applied in all cases. Rather, the "facts and circumstances of each individual case must be considered in their totality." *Owens v. People, supra.* The court has noted that one of the functions of a bond is to relieve the state of the burden of securing appearance in court by giving the bondsman a strong incentive to insure such attendance.

> "To accomplish these things and others, courts have been liberal in vacating judgments entered on bail bonds, exercising always a broad discretion and in proper cases preserving the equities of the public by deducting such costs and expenses as may have been incurred by the state. To hold otherwise would discourage the giving of bail and defeat the manifest purpose of the statute."

*Allison v. People*, 132 Colo. 156, 286 P.2d 1102 (1955).

**416**

■ The record in this case indicates that Mattas posted bond, making the money available to the court, and did all that could be expected in attempting to secure Saviano's attendance in court. Under these circumstances, the purposes intended to be furthered by the posting of a bond were served, the state will in no way be penalized by the bond's remittance, and Mattas' son will realize the benefit for which the money was originally intended.

Thus, while the bond was properly forfeited, justice will best be served by a full remittance. As such, it was an abuse of discretion to remit only $2,000 of the bond.

The judgment is reversed and the cause is remanded with instructions to remit to Mrs. Mattas the sum of $8,000.

BERMAN and TURSI, JJ., concur.