The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Gordon E. **GOSSETT**, Bondsman-Appellant.

No. 83CA0475.

Colorado Court of Appeals, Div. IV.

Feb. 9, 1984.

Rehearing Denied March 8, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Clawson & Potter, P.C., Kimball Gardner, Colorado Springs, for bondsman-appellant.

SILVERSTEIN *, Judge.

Gossett seeks reversal of the trial court's denial of his motion for refund of a forfeited bond. We affirm.

Gossett, a licensed bail bondsman, posted a $2,000 corporate surety bond to assure the appearance of an accused, one McReynolds, at a hearing on April 19, 1982. McReynolds did not appear on that date, nor subsequently, and therefore, the trial court ordered the bond forfeited.

McReynolds' mother had guaranteed to repay the bondsman for any funds paid out under the bond. Gossett obtained a judgment for $2,000 against the mother, and, on discovering that she was financially unable to pay the judgment, filed his motion for reimbursement on the ground that the judgment was working a severe hardship on the guarantor. Following the hearing on the motion, the trial court found that the mother was "judgment proof" and that the benefit of any remittance would, therefore, inure only to the bondsman. Evidence supported these findings.

In *Owens v. People*, 194 Colo. 389, 572 P.2d 837 (1977), our Supreme Court noted that whether a forfeited bond should be remitted is a matter within the discretion of the trial court, but, under the circumstances presented there, it ordered the return of the bond. Gossett contends that *Owens* mandates reversal here. However, the facts here are significantly different from the facts in *Owens*, which the court described as "unique."

Here, contrary to the situation in *Owens*, accused had not been returned to custody at the time of the hearing on the motion to remit the bond. Further, in *Owens* the record established that the guarantor would suffer extreme hardship as a result of the forfeiture, while here such was not the case. *Cf. People v. Saviano*, 677 P.2d 414 (Colo.App.1983). Under these circumstances, the trial court did not abuse its discretion by denying the motion. *See People v. Johnson*, 155 Colo. 392, 395 P.2d 19 (1964).

Judgment affirmed.

ENOCH, C.J., and HODGES,* J., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3) and § 24–51–607(5), C.R.S. (1983 Repl.Vol. 10).