The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Felipe BUSTAMANTE–PAYAN, Defendant,

and Concerning Mary Ellen Pollack and Richard Jordan, Sureties–Appellees.

No. 92CA0006.

Colorado Court of Appeals, Div. IV.

Jan. 28, 1993.

As Amended Feb. 4, 1993.

Rehearing Denied March 18, 1993.

Certiorari Denied July 19, 1993.

Norman S. Early, Jr., Dist. Atty., Nathan B. Coats, Chief Appellate Deputy Dist. Atty., Everett Engstrom, Deputy Dist. Atty., Denver, for plaintiff-appellant.

· Law Office of Stanley H. Marks & Richard A. Hostetler, Richard A. Hostetler, Denver, for sureties-appellees.

Opinion by Judge METZGER.

The People appeal from the trial court's order exonerating sureties, Mary Ellen Pollack and Richard Jordan, from liability on all but $1,500 on the forfeiture of $125,000 in bail bonds they had posted for the release of defendant, Felipe Bustamante–Payan. We vacate the order and remand the cause with directions.

Defendant, a Mexican national, was charged with various drug offenses in two separate criminal actions; he was released from custody when sureties posted three separate bail bonds on his behalf in the aggregate amount of $125,000. After defendant failed to appear in court as required, the trial court ordered the forfeiture of the bonds and issued citations to the sureties to show cause why judgment should not be entered against them on the forfeiture.

At a show cause hearing, sureties asserted that they had located defendant in Mexico, where he was living with relatives. Sureties then requested the district attorney to assist them in returning defendant by commencing international extradition proceedings. The trial court continued the hearing for the district attorney's office to determine whether it would seek extradition of the defendant. The trial court also continued two later show cause hearings for the same reason.

Thereafter, sureties filed a written motion seeking exoneration from liability on the bonds because of the district attorney's

failure to pursue extradition of defendant from Mexico. In their motion, sureties stipulated to liability to the extent of the costs of extradition, but otherwise sought to be fully exonerated from all liability on the bonds.

The district attorney responded that, under the extradition treaty between the United States and Mexico, the extradition of each country's own nationals is not mandatory and that United States authorities had indicated that Mexico refuses to extradite its nationals. The district attorney further asserted that the circumstances in this case did not warrant exoneration and sought the denial of sureties' motion and the entry of judgment against them for the full amount of the bonds.

The trial court ruled on the pleadings and vacated the pending show cause hearing. In its order, the trial court found that defendant had "fled to Mexico"; that sureties had "asked the district attorney to initiate international extradition proceedings"; that the "district attorney is advised that despite the existence of an extradition treaty, Mexico in fact does not extradite for these matters"; and that the "district attorney still wishes to prosecute." The trial court then ruled that, since it had discretion in the matter, sureties were exonerated from liability on "all but $1,500" on the bonds "in the interest of justice," reasoning that $1,500 "should be a sum sufficient to reimburse transportation under guard of the defendant when he is reapprehended."

In the case with a $25,000 bond, it ordered sureties to pay expenses of $1,071.43. However, the order erroneously stated that the bond in another case was for $10,000, rather than for $100,000. Thus, on that case, the sureties were ordered to pay expenses of $428.57. In total, $123,500 was exonerated.

Shortly after the trial court's ruling was issued, but before the date the vacated show cause hearing had been scheduled, the district attorney filed a letter from a deputy United States attorney in Denver asserting that defendant, as a Mexican national, "is not extraditable" under the current extradition treaty as long as he remains in Mexico because it does not extradite its own nationals for either federal or state charges.

Sureties subsequently filed a request for clarification of the trial court's order. They argued that they had been prepared to present evidence at the vacated show cause hearing that, prior to their execution of the bonds, they had relied on representations made by an FBI agent that Mexican nationals were extraditable under the extradition treaty. The trial court thereafter ruled that the request for clarification was accepted as an offer of proof, but that its previous order was clear and would stand.

■ On appeal, the People contend the trial court abused its discretion in exonerating sureties from any amount of liability based on these facts and that a hearing should have been conducted. We agree.

Before entry of judgment on a forfeiture, § 16–4–109(3), C.R.S. (1986 Repl.Vol. 8A) authorizes a trial court, in its discretion, to set aside the forfeiture upon such conditions as the court may impose "if it appears that justice so requires." *See People v. Caro*, 753 P.2d 196 (Colo.1988).

This standard provides no clear rule for guidance in every case; thus, the trial court must exercise its discretion based on the totality of the facts and circumstances in each individual case. *See Owens v. People*, 194 Colo. 389, 572 P.2d 837 (1977); *People v. Rothe*, 43 Colo.App. 274, 606 P.2d 79 (1979).

■ In exercising its discretion, a trial court should be mindful of the policies concerning bail. These include not penalizing sureties when it appears that they are unable, by no fault of their own or of their principal, to perform the condition of the bond. *Owens v. People, supra; see also Allison v. People*, 132 Colo. 156, 286 P.2d 1102 (1955); *Smith v. People*, 67 Colo. 452, 184 P. 372 (1919); *cf. People v. Caro, supra.*

■ Thus, the trial court should consider: (1) the willfulness of the defendant's violation of bail conditions; (2) the surety's participation in locating or apprehending

the defendant; (3) the cost, inconvenience, and prejudice suffered by the state as a result of the violation; (4) any intangible costs; (5) the public interest in ensuring a defendant's appearance; and (6) any mitigating factors. *See State v. Seybert,* 229 Mont. 183, 745 P.2d 687 (1987). These factors encompass the principle that generally only acts of God, of the state, or of law will relieve a surety from liability. *Allison v. People, supra.*

Here, sureties' sole argument for exoneration was based on the district attorney's failure to seek international extradition once sureties had located defendant in Mexico. This factor was the only apparent basis for the trial court's ruling. However, the record establishes, and the trial court found, that Mexico in fact would not extradite defendant in this matter even if formally requested, because it does not extradite its own nationals.

 Moreover, the burden to show cause why the bond should not be forfeited remains upon the surety. Therefore, the court's reliance on the district attorney's inability to secure international extradition is, in and of itself, inadequate grounds for exonerating sureties.

Because the trial court did not conduct a hearing, no evidence of any other relevant facts, circumstances, or policies appears in the record. As a result, the court's order likewise contains no analysis of these essential factors.

*People v. Campbell,* 633 P.2d 509 (Colo. App.1981) relied on by sureties is factually distinguishable. In *Campbell,* an absconding defendant was returned to custody in South Dakota as a result of the surety's efforts. However, he was released and then disappeared when Colorado authorities failed to complete the necessary extradition paperwork for his return to Colorado.

Unlike *Campbell,* this case involves international extradition proceedings rather than extradition from a sister state. Defendant here has not been returned to custody in the foreign jurisdiction, but remains at large.

Therefore, we perceive no basis for the determination of the amount exonerating sureties from liability on the bonds and, thus, conclude that the trial court abused its discretion. *See Platte River Environmental Organization, Inc. v. National Hog Farms, Inc.,* 804 P.2d 290 (Colo.App. 1990) (decision not reasonably supported by competent evidence constitutes abuse of discretion).

Accordingly, the order exonerating sureties is vacated, and the cause is remanded to the trial court with directions to hold an evidentiary hearing and to make a determination based on the factors set out herein.

TURSI and PLANK, JJ., concur.