**UNITED STATES of America,
Plaintiff,**

v.

**Humberto LAURA–COTA, Defendant.**

**No. 00 CR 3303 JM.**

United States District Court,
S.D. California.

April 30, 2003.

---

U.S. Attorney CR, U.S. Attorneys Office Southern District of California, San Diego, CA, for U.S.

Mazda K. Antia, Christopher R.J. Pace, Cooley Godward, LLP, San Diego, CA, for Humberto Laura–Cota.

## ORDER GRANTING SURETIES' MOTION TO SET ASIDE BOND FORFEITURE

MILLER, District Judge.

This case involves the forfeiture of a bond, set in a criminal action against defendant, due to the removal of the defendant from the United States by the Immigration and Naturalization Service ("INS"). The sureties now move to set aside the bond forfeiture because the INS, through its removal of defendant, prevented him from appearing at a mandatory status conference in the criminal action. No opposition has been filed by the government to the sureties' motion. Pursuant to Local Rule 7.1(d)(1), the court finds this motion appropriate for decision without oral argument.

## BACKGROUND

On October 25, 2000, defendant was indicted for illegal importation of marijuana and possession with intent to distribute in violation of 21 U.S.C. §§ 952 and 960, and § 841(a)(1), respectively. Subsequently, on February 13, 2001, a personal appearance bond for defendant was executed in the amount of $20,000 and was secured by defendant, Norma Laura–Cota, defendant's daughter, and Luis Resendiz, Norma Laura–Cota's boyfriend.

However, immediately following execution of the bond, defendant was transferred to the custody of the Immigration and Naturalization Service (INS). Despite the requests of defendant's attorney to allow defendant to appear for trial, the INS cancelled defendants border crossing card, deported him to Mexico, and informed him that he was not authorized to return to the United States. Consequently, defendant did not appear at a scheduled status hearing resulting in the forfeiture of the bond upon the government's motion for judgment of default. At all times after his arrest on the drug-related charges, defendant was in the custody of the United States Government.

## ANALYSIS

The sureties argue that the bond forfeiture must be set aside because the government's actions materially increased the risk of the surety in violation of the government's implied covenant not to interfere with the contract between defendant and the sureties. In support, the sureties rely on the decision in *United States v. Galvez–Uriarte*, 709 F.2d 1323 (9th Cir. 1983).

In *Galvez–Uriarte,* the defendant, a Mexican citizen, was charged with federal drug law violations and was released pending trial once the surety filed a $75,000 bond. *Galvez–Uriarte,* 709 F.2d at 1324. Upon release, the government confiscated Galvez's passport. In response to defendant's request for papers to allow him to legally remain in the country until trial, the Assistant United States Attorney ("AUSA") responsible for prosecuting defendant informed defendant that he could not be provided the requested documents.

However, the AUSA provided defendant a parole letter that allowed the defendant to return to the United States for trial. As a condition of receipt of the parole letter, the defendant's attorney was required to advise the defendant to return to Mexico until trial. Pursuant to the required advice, the defendant returned to Mexico resulting in the forfeiture of the bond since the defendant failed to appear at a mandatory hearing. The district court denied the surety's motion to set aside the forfeiture reasoning the government did not have any contractual duty to the surety. *Id.* The Ninth Circuit reversed.

The Ninth Circuit reasoned that the case did not materially differ from *Reese v. United States,* 76 U.S. (9 Wall.) 13, 19 L.Ed. 541 (1869) where the Supreme Court held

> There is also an implied covenant on the part of the government, when the recognizance of bail is accepted, that it will not in any way interfere with this covenant between them, or impair its obligation, or take any proceedings with the principal which will increase the risks of the sureties or affect their remedy against him.

*Galvez–Uriarte,* 709 F.2d at 1325. In light of *Reese,* the Ninth Circuit stated "[a]ny Government action that substantially encourages the defendant to leave the country in violation of the terms of the bond is a material breach of the Government's implied covenant not to interfere with the covenant between the defendant and the surety." *Id.* Consequently, the court held that government substantially encouraged the defendant to leave the country in violation of its implied covenant and reversed the district court's denial of the motion to set aside the forfeiture. *Id.*

In this case, the decisions in *Reese* and *Galvez–Uriarte* control. The government, acting through the INS, substantially, and without the sureties' consent, increased the risk of bond forfeiture by deporting defendant. Consequently, the government materially breached its implied covenant not to interfere with the covenant between defendant and his sureties. Therefore, the forfeiture of the bond must be set aside.

### CONCLUSION

For the foregoing reasons, the court grants the sureties' motion to set aside the bond forfeiture.

**IT IS SO ORDERED.**