407 P.2d 943

STATE of Arizona ex rel. Robert K. CORBIN, County Attorney for Maricopa County, Petitioner,

v.

SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, Charles C. Stidham, Judge of the Superior Court, Ronald Hopwood, Billy Ray Jones, and Maryland National Insurance Co., a Maryland corporation, real party in interest, Respondents.

No. I CA–CIV 129–135.

Court of Appeals of Arizona.

Nov. 10, 1965.

Robert K. Corbin, Maricopa County Atty., by John A. Golden, Deputy County Atty., for petitioner.

Harold Goldman, Phoenix, for respondents.

STEVENS, Chief Judge.

The consolidated matters under consideration relate to the propriety of a trial court order staying a bond forfeiture in criminal cases wherein it appears that the defendants have committed offenses and have been convicted, sentenced and confined in a sister jurisdiction while on bond pending trial. This opinion relates to four of the five allied pending cases. We are filing this date our opinion in our Case, 407 P.2d 938, which we will call the Hopwood case. The matter we now have under consideration relates to two individuals charged with felonies namely, Hopwood and Jones. There are some factual differences in each of the four cases herein decided but the law points are the same.

In May 1963, Jones was bound over to the Superior Court after a preliminary hearing on each of two robbery charges and one narcotics charge and the informations were timely filed in Maricopa County Criminal Causes Numbered 42226, 42190 and 42189.

On 21 May, Hopwood was bound over after a preliminary hearing on a charge of robbery and an information was timely filed in Maricopa County Criminal Cause No. 42284. Both men were released on bonds written by the respondent, Maryland National Insurance Company.

The time for arraignment in each case was either scheduled for or continued to a date shortly after the 7th day of June 1963. Orders were entered setting all arraignments for 19 June on which day Maryland National filed a motion to exonerate the bond, filing a separate motion in each case. These motions were basically similar to the motion filed in Hopwood. On 19 June both Hopwood and Jones were in federal custody in Phoenix in relation to an Oklahoma charge. Hopwood had been picked up by the F.B.I. Agents and Jones had been picked up by the Office of the Sheriff of Maricopa County, the authority for arresting Jones being a federal warrant and upon his being taken into custody by the Office of the Sheriff, Jones was surrendered to the custody of the United States Marshal. Hopwood and Jones were not arraigned in the State Court since they did not physically appear in the State Court being in federal custody and the matter of the forfeiture of the bonds together with the disposition of the Maryland National motion was scheduled for hearing before Judge Stidham. On 10 July 1964 the following minute entry order was entered in each case:

"Motion to exonerate bond. Respective counsel are present and argue the motion to the Court.

IT IS ORDERED staying forfeiture of bond until ten days after the release of the defendant from Federal custody.

FURTHER ORDERED issuing bench warrand (sic) and directing the sheriff to notify the appropriate authorities of said bench warrant. Bench warrant issued."

On 22 January 1964, the County Attorney of Maricopa County filed a motion in each case to vacate the 10 July order sup-

porting the motion with certified copies of the convictions of both Jones and Hopwood, convictions following their respective pleas of guilty in the United States District Court for the Western District of Oklahoma. These motions were similar to the motion filed on the same day in Hopwood and a minute entry order was entered in each case on 29 January 1965 in language identical with that in relation to Hopwood.

Timely applications were made in each case for the issuance of a writ of certiorari or in the alternative, a writ of mandamus and after an informal hearing, this Court issued an alternative writ of mandamus in each case. Many of the issues raised in Hopwood were raised in these cases and we do not reiterate the issues or the rulings. There are additional points which require decision here.

It is urged that the State of Arizona through the Office of the Sheriff of Maricopa County had physical custody of Jones before the scheduled arraignment date and that by the voluntary surrender of Jones to the Federal Government, Maryland National was deprived of its privilege of surrendering Jones to the State of Arizona and was thus relieved of its suretyship obligation. Surrender by a surety is a procedure authorized by Criminal Rule 61 (quoted in Hopwood). We do not agree with this contention. Jones was arrested on a Federal warrant and was a Federal prisoner even though in the physical custody of an Arizona law enforcement official. As of the time that Jones was apprehended on the Federal warrant, he was free on bonds posted in each of the three pending State criminal cases and the Sheriff was not charged with the duty of placing him in confinement with reference to any of those State charges until the Sheriff received a warrant issued out of the Superior Court. As of that time, no such warrant had issued.

■ The County Attorney urges that we should not honor "the race to the court house" and that the Superior Court was not privileged to entertain the 19 June motions but short of physical surrender under Criminal Rule 61, 17 A.R.S., the surety was required to wait until there had been an order of forfeiture before availing itself of the remedies contemplated by the Rules of Criminal Procedure (also set forth in Hopwood). With this we do not agree. There was a pending case, namely the criminal case in relation to which the bond was issued, in which the surety could appear to protect itself anticipatory to any actual order of forfeiture.

■ The County Attorney urges that the Superior Court acted in excess of its jurisdiction in suspending the forfeiture of the bonds. With this we do not agree. The jurisdiction of the Superior Court was invoked by the surety and it was within the judicial discretion of the court to suspend the actual entry of the order of forfeiture until the court was fully informed as to the defenses which were available to the surety in relation to the non-appearance of the defendants and, therefore, defenses in relation to the prima facia showing of a breach of the surety obligation. When it is established that there has been not only a breach but that there is an absence of "reasonable cause" the trial court loses its judicial discretion for it then becomes the obligation of the court amounting almost to a ministerial duty, to enter the appropriate order of forfeiture. Here, as in Hopwood, the proof of the date of the offenses committed by each of the defendants was not presented to the trial court. We are not called upon to decide the effect of the 16 May 1963 Seattle offense in relation to the Hopwood bond in Criminal Cause No. 42284. In relation to that bond, it will suffice if the 7 June Oklahoma City offense is established.

■ It is the mandate of this Court that this matter be remanded to the Superior Court with directions in each case to permit proof of the date or dates of the offenses for which Hopwood and Jones were confined in Leavenworth and if it be shown that either defendant committed an offense for which he is now confined under the judgment of guilt, committing the same

while released on bond in relation to the case then under consideration, it is directed that the trial court enter an order of forfeiture of the bond in each appropriate case.

CAMERON and DONOFRIO, JJ., concur.