No. 82-101

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

STATE OF MONTANA,

       Plaintiff and Cross-Appellant,

  VS.

THURMAN J. MUSGROVE, Defendant,

  VS.

INTERNATIONAL FIDELITY INSURANCE COMPANY,

       Appellant and Cross-Respondent.

_____

Appeal from: District Court of the Fourth Judicial District,
           In and for the County of Mineral, The Honorable
           Douglas Harkin, Judge presiding.

Counsel of Record:

    For Appellant and Cross-Respondent:

        Dexter L. Delaney; Mulroney, Delaney, Dalby and
        Mudd, Missoula, Montana

    For Plaintiff and Cross-Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        M. Shaun Donovan, County Attorney, Superior, Montana

_____

          Submitted:   January 12, 1983

           Decided:   February 24, 1983

Filed: FEB 24 1983

*Ethel M. Harrison*
_____
                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This case involves an order by the District Court, of the Fourth Judicial District, County of Mineral, requiring International Fidelity to forfeit $5,000 of a $50,000 bail bond.

Musgrove was convicted of mitigated deliberate homicide on February 7, 1977. He appealed to this Court. At that time the District Court required the defendant to secure an additional $50,000 bail. International Fidelity provided the additional bond. This Court reversed the conviction and ordered a new trial. State v. Musgrove (1978), 178 Mont. 162, 528 P.2d 1246.

A second trial was commenced in January 1979; defendant being at liberty. He attended all proceedings through the close of the evidence on Friday, January 26, 1979. The District Court had scheduled closing arguments for the following Monday, January 29. However, on Monday morning the defendant failed to appear. The District Court then ordered total forfeiture of the $50,000 bond, issued a bench warrant for defendant's arrest, and recessed the trial for ten days, until Wednesday, February 7, 1979.

Defendant failed to appear because he was in Texas. According to his testimony, he was suffering from emotional breakdown and wanted to return to Texas to commit suicide. While in Texas, he admitted himself to Villa Rosa Hospital and shortly thereafter was in contact with a representative of International Fidelity. International Fidelity was able to persuade Musgrove to return to Montana. They provided transportation and Musgrove was back in Montana before the expiration of the ten-day recess. Due to Musgrove's absence, the county incurred expenses in the amount of $1,000.

On February 6, final arguments were heard and the jury returned a verdict of guilty. Musgrove was sentenced to twenty years imprisonment on February 21, 1979. On that same day a bail discharge hearing was held. The District Court ordered that the forfeiture of the $50,000 bond be discharged in the amount of

- 2 -

$25,000. International Fidelity appealed to this Court challenging the amount of forfeiture. This Court remanded because "[o]ur review of the record leaves no doubt that the $25,000 bond forfeiture was imposed as a penalty." State v. Musgrove (1980), _____ Mont. _____, _____, 610 P.2d 710, 713, 37 St.Rep. 755, 759. Another bail discharge hearing was held on December 1, 1981, and judgment was entered on January 11, 1982. This time the District Court discharged all but $5,000. International Fidelity was still dissatisfied and their appeal is again before this Court.

Two issues are raised by the parties: (1) whether or not the District Court had jurisdiction to discharge any part of the bond forfeiture; and, (2) if the court did have jurisdiction, whether the ordered forfeiture of $5,000 was error?

The State argues that the District Court did not have jurisdiction to discharge any of the forfeited bond without a finding of "satisfactory excuse" as required by section 46-9-503(3), MCA. In other words, the State maintains that "satisfactory excuse" is a necessary prerequisite to discharge of any part of the forfeiture. The State cites several non-Montana cases which hold that voluntary absence from a jurisdiction is not "satisfactory excuse;" also, "Musgrove's failure to appear on the basis of psychological problems is not credible." In connection with the above jurisdictional argument, the State maintains that this Court's prior opinion did not alter the necessity for finding "satisfactory excuse." International Fidelity argues in its reply brief that the State has missed the crucial issue. The question is not whether there was "satisfactory excuse," rather, the issue is the amount of discharge.

Section 46-9-503(3), MCA, states:

> "If at any time within 30 days after the for-
> feiture the defendant or his bail appear and
> satisfactorily excuse his negligence or
> failure to comply with the conditions of the
> bail, the court, in its discretion, may direct
> the forfeiture of the bail to be discharged
> upon such terms as may be just."

- 3 -

The State is correct in pointing out the obvious prerequisite finding of "satisfactory excuse" before any discharge may be ordered. However, we do not agree that the District Court was without jurisdiction to order discharge "upon such terms as may be just."

Concerning the reasons Musgrove left Montana, the Court found:

> "The Defendant's decision to leave Montana was the result of his belief that he was being railroaded at the trial, he would be convicted and he would receive a sentence of twenty (20) years imprisonment.
>
> ". . .
>
> "The Defendant claimed that at the time he left Montana he suffered a 'total emotional breakdown' and didn't think he knew what he was doing.
>
> ". . .
>
> "While in Texas, the Defendant was interviewed by a San Antonio Psychiatrist who diagnosed the Defendant as suffering from psychotic depression -- suicide.

The Court also made the following conclusions of law:

> "The Defendant left the State of Montana while under great emotional stress resulting from his trial and personal problems.
>
> ". . .
>
> "The Defendant's mental state at the time he left Montana operates as a partial excuse for his unauthorized absence." (Emphasis added.)

Although the above findings and conclusions are not statutorily phrased, we hold that the Court found "satisfactory excuse." "Sickness . . . which makes the principal unable to appear at the time set is ordinarily held to be . . . ground sufficient for the vacation of a forfeiture." 8 Am.Jr.2d Bail and Recognizance § 184 (1980).

The State places significance on the phrase "partial excuse" found in the court's conclusions. In other words, the State maintains that although Musgrove's absence was partially excused, it does not follow that his absence was satisfactorily excused. The State would have us believe that the statute requires a

- 4 -

complete excuse as opposed to a partial excuse. This distinction is not in the statute and we will not read it into the statute.

Since we hold that the court did have jurisdiction to order a discharge, we must now consider whether or not the court erred in discharging $45,000, requiring a forfeiture of $5,000, -- or the issue may be stated in statutory terms -- did the court "in its discretion . . . direct the forfeiture of the bail to be discharged upon such terms as may be just?"

Initially, we note that the statute explicitly directs the court to use its "discretion [to discharge] upon such terms as may be just." Thus, the general rule concerning scope of review is applicable. "This Court will not disturb the decision of the trial court absent a clear abuse of discretion. (Citation omitted.) The test for abuse of discretion is whether the trial court acted arbitrarily without the employment of conscious judgment or exceeded the bounds of reason. (Citations omitted.)" Krum v. Krum (1980), ___ Mont. ___, ___, 614 P.2d 525, 527, 37 St.Rep. 1291, 1295.

The focus of appellant's argument is that since the county incurred only $1,000 in out-of-pocket expenses due to Musgrove's absence, and since there is no other evidence in the record showing damage, any forfeiture above $1,000 must be regarded as either a penalty or revenue. Appellant is correct in pointing out factors that may not be considered. In our first opinion in this dispute we directed the District Court to reconsider the amount of discharge, and any judgment was not to "consider as factors either a penalty to the defendant or the insurance company or revenue to the state." Musgrove, ___ Mont. at ___, 610 P.2d at 713, 37 St.Rep. at 759. However, appellant is mistaken in claiming that the record lacks evidence to support the court's order.

In making its argument, that there is no evidence to support a forfeiture beyond $1,000, appellant makes a faulty assumption. This faulty assumption is evident in the following quote from

the initial brief: "it is respectfully submitted that the . . . judgment of forfeiture . . . should be vacated because there was no evidence before the Court to demonstrate that the measure of damage to the public authority exceeds . . . $1,000." Appellant assumes that an order of forfeiture can only be supported by evidence relating to damage. This is not so.

The statute directs the court to order discharge "upon such terms as may be just." In making this determination the court should consider not only evidence relating to damage but also the other factors and circumstances peculiar to each case. As one court stated:

> "[n]o clear rule can be set down which will guide the trial court in every case since the facts and circumstances of each individual case must be considered in their totality. No one factor will be determinative in all cases." Owens v. People (1977), 194 Colo. 389, 572 P.2d 837, 838.

Here, the court's findings of fact and conclusions of law adequately consider all of the pertinent factors. Accordingly, we must affirm.

_____
       Justice

We concur:

_____
    Chief Justice

_____

_____

_____

_____
    Justices

Mr. Justice John C. Sheehy, dissenting:

When this cause was before us in 1979, we remanded the problem of discharging the forfeiture of defendant's bail to the District Court with the admonition that "[a]ny judgment reached shall not consider as factors either a penalty to the defendant or the insurance company or revenue to the state." State v. Musgrove v. International Fidelity Insurance Company (1980), ___ Mont. ___, 610 P.2d 710, 713, 37 St.Rep. 755.

That admonition to the District Court became the law of the case. Nevertheless, on remand, the District Court found:

> "The bond forfeiture of Fifty Thousand Dollars ($50,000.00) is excused except for the sum of Five Thousand Dollars ($5,000.00). Such sum is negligible, if any, revenue to the State, in view of the overall expense resulting from the Defendant's departure, and does not operate as a penalty to International after balancing their negligent supervision of the Defendant against their diligent and successful efforts to return him to Montana in time for completion of the trial."

When the case was before us in 1979, and when it comes to us again here, it appears that the only costs that have been reported to the District Court in connection with the return of the defendant for trial is the sum of $1,000. The difference, therefore, between $1,000 and $5,000 is $4,000 of revenue, which the District Court terms "negligible". It is also apparent from the conclusion of the District Court that it is imposing a penalty against the bail bond insurer for their "negligent supervision of the Defendant." There is no power or authority in the District Court, particularly under the law of the case which has been established here for either revenue or penalty assessed for negligence. The amount of forfeiture, therefore, should not exceed the sum of $1,000.

-7-

The county attorney argued in the first case that Mineral County had been put to a good deal of expense in the three trials which have occurred with respect to this defendant. On oral argument before us in this last case, the county attorney continues to insist that it has cost the county approximately $22,000 to try the defendant and it is on this ground that the county attorney, and apparently the District Court, are striving to make some recoupment from the bail bond. That position ignores the position of the forfeiture statute, which provides as follows:

> "46-9-503.  Conditions not performed--forfeiture
> . . .
>
> "(3)  If at any time within 30 days after the forfeiture the defendant or his bail appear and satisfactorily excuse his negligence or failure to comply with the conditions of the bail, the court, in its discretion, may direct the forfeiture of the bail to be discharged upon such terms as may be just."

We have held, and it is now the law of the case that such "terms as may be just" cannot be composed of either a penalty, or of revenue to the State. The terms may logically include the costs incurred by the county in returning the defendant to the court of justice and no more. This position is consonant with the remainder of the statute where the defendant or his bail has shown circumstances which "satisfactorily excuse his negligence or failure to comply with the conditions of the bail." If the defendant does not satisfactorily excuse his negligence or failure to comply, it is the duty of the District Court to forfeit the whole bond, without regard to any partial discharge of the surety. But when the court finds a satisfactory excuse, as it must have here in order to reduce the forfeiture, then the District Court must apply, in the law which we have set forth, the

rule that it will not exact a penalty or revenue in determining the amount of the forfeiture.

I know of no statute or legal principle in Montana under which a bail bondsman is under duty to the state to "supervise" the defendant for which it posts bail, and for a breach of which it might become liable to the State for "negligent supervision." It is far stretch of law for the District Court to require, or this Court to tolerate, that a bail bondsman becomes a babysitter for the court.

I would reverse and remand this case, since satisfactory excuse has been found by the District Court, with instructions to discharge the forfeiture of bail except for the sum of $1,000 to be paid to the county treasurer of Mineral County.

_____
Justice

-9-

Mr. Justice Daniel J. Shea, dissenting:

In the first case involving the bonding company and the State, we held that whatever the District Court orders, it cannot be done as a source of revenue or as a penalty. State v. Musgrove (1980), ____ Mont. ____, 610 P.2d 710, 713, 37 St.Rep. 755. The hearing after our remand produced no new evidence as to what costs the State incurred, or what factors should be considered in determining the amount. Here the trial court ordered the bonding company to pay $5,000, without ever stating how or why this figure was chosen. It clearly could have been one picked out of the air. This, in my judgment, constitutes an abuse of discretion.

The State had its opportunity to present evidence, or to present factors to the trial court in considering the amount which should be forfeited. It did neither. I would, therefore, order that the State must be confined to its out of pocket expenses in this case--$1,000.

_Daniel J. Shea_
Justice