No. 87-342

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

PAUL SEYBERT and DENISE "DUSTY"
ROGERS SEYBERT,

        Defendants.

  -vs-

AMERICAN BANKERS INSURANCE COMPANY
OF FLORIDA,

        Appellant.

---

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Madison,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Brad L. Belke, Butte, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Betsy Brandborg, Asst. Atty. General, Helena
        Loren Tucker, County Attorney, Virginia City, Montana

---

Submitted on Briefs: Oct. 16, 1987

Decided: November 19, 1987

Filed: NOV 19 1987

Ethel M. Harrison

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


Appellant American Bankers Insurance Company of Florida (American) appeals the judgment of the District Court of the Fifth Judicial District, Madison County, partially forfeiting the Seyberts' bond for failure to appear. We reverse.

The issue before the Court is whether the forfeiture constituted a clear abuse of direction.

The Seyberts were arrested in connection with two burglaries of McAlear's Pharmacy and Store in Twin Bridges. The District Court eventually set bail in the amount of $7,000 for Paul Seybert and $2,500 for Denise Seybert. Bail was subsequently posted by American, through its agent, Charles Condo. Condo had posted bail on behalf of the Seybert's on prior occasions without mishap.

An omnibus hearing was set by the court for March 24, 1987. The Seyberts were ordered to personally appear at that time. They failed to do so, however. On March 31, 1987, the court ordered total forfeiture of the Seybert's bond.

Following the Seyberts' failure to appear, Condo immediately began efforts to locate them. He eventually discovered that the Seybert's had been in federal custody in Salt Lake City, Utah, at the time of the omnibus hearing. Counsel for American explained that: "While released on bail, they went traveling, apparently went down to Mexico and got married. And on the way back, in Salt Lake, decided to increase the funds available to them and robbed a bank in Salt Lake City somewhere."

On April 10, 1987, American moved to set aside the forfeiture order on the grounds that the Seyberts' arrest and detention by federal authorities was a satisfactory excuse

for the Seyberts' failure to appear and that American was without remedy to secure the Seyberts' appearance in Montana. Following a hearing on the matter, the District Court ordered the forfeiture of 75% of the bail "as adequate [compensation] . . . for all costs incurred in the prosecution of the action against the Defendants." The transcript does not reveal, nor does the order specify, the costs incurred by the state, however.

The primary purpose of bail in a criminal case is to honor the presumption of innocence and to allow a defendant to prepare his case, while insuring the defendant's presence in the pending proceeding. The forfeiture of bail is a device designed to insure the defendant's presence. United States v. Skipper (5th Cir. 1981), 633 F.2d 1177. If a defendant fails to appear, the entire amount of bail shall be forfeited. Section 46-9-503, MCA, provides, in pertinent part:

> Conditions not performed--forfeiture. (1) If the accused does not comply with the conditions of the bail bond, the court having jurisdiction shall enter an order declaring the bail to be forfeited.
>
> . . .
>
> (3) If at any time within 30 days after the forfeiture the defendant or his bail appear and satisfactorily excuse his negligence or failure to comply with the conditions of the bail, the court, in its discretion, may direct the forfeiture of the bail to be discharged upon such terms as may be just.

Consistent with the purpose of insuring a defendant's presence, subsection (3) of § 46-9-503, MCA, mitigates the harshness of strict forfeiture in situations of excusable negligence or failure to comply with the terms of bail. However, the defendant or surety has the burden of demonstrating a "satisfactory excuse" before any discharge

- 3 -

may be ordered. State v. Musgrove (1983), 202 Mont. 516, 519, 659 P.2d 285, 287 (Musgrove II).

In the instant case, American contends that the Seyberts' arrest and detention by federal authorities is a "satisfactory excuse" which suspends the surety's responsibility except for actual costs incurred in returning the Seyberts' to Montana. We disagree. The Seyberts' incarceration in Utah, which prevented their appearance, is a direct result of their own criminal acts. They cannot avail themselves of their own wrong to escape the accounting with the State. See State v. Nelson (Utah 1968), 436 P.2d 792; State v. Superior Court (Ariz. 1965), 407 P.2d 943. Nor can the surety avail itself of an excuse not available to the defendants. We hold that incarceration by a foreign sovereign is not per se a satisfactory excuse.

However, the statute does not require a complete, as opposed to partial, excuse. Musgrove II, 202 Mont. at 520, 659 P.2d at 287. The Seyberts' incarceration is a factor for the District Court to consider in determining discharge on such terms as may be just.

American also contends that the State has a duty to seek the Seyberts' return to Montana. We disagree. "The state is not the surety's surety." Umatilla County v. Resolute Insurance Co. (Or. 1972), 493 P.2d 731, 733. Consequently, the State does not have a duty to remedy the surety's breach of contract. The State need only refrain from obstructing or interfering with the surety's efforts. Here, the State's refusal to seek extradition did not interfere with the surety's obligation. State v. Honey (Neb. 1957), 86 N.W.2d 187. The Seyberts' compliance with the conditions of bail is solely the responsibility of American. We hold the State's failure to seek extradition does not excuse the surety's liability.

Finally, it is alleged that the District Court improperly failed to make specific findings as to actual costs incurred. American wrongly assumes that an order of forfeiture can only be supported by evidence of actual damage. The statute does not limit the court's discretion to actual damages.

> The statute directs the court to order discharge "upon such terms as may be just." In making this determination the court should consider not only evidence relating to damage but also the other factors and circumstances peculiar to each case. As one court stated:
>
> "[n]o clear rule can be set down which will guide the trial court in every case since the facts and circumstances of each individual case must be considered in their totality. No one factor will be determinative in all cases." Owens v. People (1977), 194 Colo. 389, 572 P.2d 837, 838.

Musgrove II, 202 Mont. at 522, 659 P.2d at 288.

However, "it is not the purpose of bail to punish a defendant or surety, nor to increase the revenue of the state." State v. Musgrove (1980), 187 Mont. 549, 553, 610 P.2d 710, 712 (Musgrove I). Under the facts and circumstances of this case, we find the excessive forfeiture constituted an abuse of discretion. We therefore reverse and remand.

On remand, the District Court is not strictly limited to a dollar-for-dollar assessment of the State's loss. When examining the facts and circumstances of this case, the court should consider, among other factors:

1. The willfulness of the defendants' violation of bail conditions;

2. The surety's participation in locating or apprehending the defendants;

3.  The cost, inconvenience, and prejudice suffered by the State as a result of the violation;

4.  Any intangible costs;

5.  The public interest in ensuring a defendant's appearance; and,

6.  Any mitigating factors.

                                         _____
                                                Justice

We Concur:

_____
     Chief Justice

_____

_____

_____
      Justices