No. 88-015

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

STATE OF MONTANA

        Plaintiff and Respondent,

    -vs-

PAUL SEYBERT and DENISE
"DUSTY" ROGERS SEYBERT,

    -vs-

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

        Appellant.

_____

APPEAL FROM:  District Court of the Fifth Judicial District,
               In and for the County of Madison,
               The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:
        Brad L. Belke; Belke Law Center, Butte, Montana

    For Respondent:
        Honorable Mike Greely, Attorney General, Helena Montana
        Betsy Brandborg, Assistant Attorney General
        Loren Tucker, County Attorney, Virginia City, Montana

_____

Submitted on Briefs:  March 18, 1988

Decided:  April 19, 1988

Filed: APR 1 9 1988

_Ethel M. Harrison_

Clerk

Mr. Justice William E. Hunt, Sr. delivered the Opinion of the Court.

On December 10, 1987, the Fifth Judicial Court, Madison County, ordered American Bankers Insurance Company of Florida to forfeit 100 percent of the surety bonds posted on behalf of defendants Paul Seybert and Denise "Dusty" Rogers Seybert. The American Bankers Insurance Company appealed. We affirm.

The issue raised on appeal is whether the District Court abused its discretion by requiring the appellant to forfeit 100 percent of the posted surety bonds when the defendants failed to appear for the omnibus hearing and in light of State v. Seybert (Mont. 1987), 745 P.2d 687, 44 St.Rep. 1879.

On November 7, 1986, the defendant Paul Seybert was arrested for multiple crimes of theft, burglary, possession of dangerous drugs, and criminal mischief and the defendant Denise Rogers Seybert (Rogers) was arrested for theft and possession of dangerous drugs. The District Court eventually set the bonds at $7,000 for Seybert and $2,500 for Rogers. The American Bankers Insurance Company (American) posted the bonds for each defendant.

The District Court scheduled an omnibus hearing for March 24, 1987 in which the defendants' presence were required. Both defendants failed to appear for the hearing and the court eventually ordered a forfeiture of 75 percent of the bonds posted on behalf of each defendant. American appealed the 75 percent forfeiture to this Court. State v. Seybert (Mont. 1987), 745 P.2d 687, 44 St.Rep. 1879.

In Seybert, this Court recognized that the primary purposes of bail in a criminal case is not "to punish a defendant or surety, nor to increase the revenue of the State," Seybert, 745 P.2d at 689, 44 St.Rep. at 1882

- 2 -

(quoting State v. Musgrove (1980), 187 Mont. 549, 553, 610 P.2d 710, 712), but rather to honor the presumption of innocence, to allow a defendant to prepare his case, and to ensure the defendant's presence in the pending proceeding. Seybert, 745 P.2d at 688, 44 St.Rep. at 1880 (citing United States v. Skipper (5th Cir. 1981), 633 F.2d 1177). Upon reviewing the facts of that case, this Court concluded that the District Court abused its discretion when it ordered the forfeiture of 75 percent of the bonds posted on behalf of Seybert and Rogers. Seybert, 745 P.2d at 689, 44 St.Rep. at 1882. This Court also held that when determining the amount of forfeiture, a court is not limited to actual damages only, but should consider, among others, the following six factors: (1) the defendants' willful violation of bail conditions; (2) the surety's participation in locating or apprehending the defendants; (3) the cost, inconvenience, and prejudice suffered by the State as a result of the violation; (4) intangible costs; (5) the public's interest in ensuring a defendant's appearance; and, (6) any mitigating factors. Seybert, 745 P.2d at 689, 44 St.Rep. at 1882. The District Court on remand found that the record justified a forfeiture of 100 percent of the defendants' bonds. American again appealed.

On appeal, American argues that the District Court abused its discretion in light of our recent case State v. Seybert (Mont. 1987), 745 P.2d 687, 44 St.Rep. 1879. More specifically, American argues that the key in that case was that the original forfeiture of 75 percent was excessive and therefore any forfeiture was absolutely required to be less than 75 percent. We disagree with American's assessment of our recent case.

This Court's holding in Seybert, that the 75 percent forfeiture of the posted bond was excessive, stemmed from the

lack of findings to justify such a forfeiture. The proper task of this Court is not to determine upper limits on the amount of forfeiture on posted bonds when little or no findings exist to support the forfeiture, but rather, upon review of the record, to determine whether the District Court abused its discretion when it ordered 100 percent forfeiture of the posted bonds. The test this Court employs for abuse of discretion is whether the District Court acted arbitrarily. In re Marriage of Jensen (Mont. 1986), 727 P.2d 512, 515, 43 St.Rep. 1891, 1893; In re Marriage of Perry (Mont. 1985), 704 P.2d 41, 43, 42 St.Rep. 1101, 1104; State v. Musgrove (1983), 202 Mont. 516, 521, 659 P.2d 285, 288. We hold that the District Court did not abuse its discretion when ordering 100 percent forfeiture of the bonds posted on behalf of the defendants Seybert and Rogers.

On remand, the District Court applied the facts of the case to the six factors listed and found in retrospect that the record fully justified 100 percent forfeiture of both bail bonds. An examination of the record demonstrates that the District Court did not act arbitrarily. The District Court considered the six factors and found:

(1) The defendants willfully violated the provisions of their bail bonds by failing to appear for the omnibus hearing because the defendants were in the custody of federal authorities for crimes committed after the bonds were posted.

(2) The state of Montana and the defendants' counsel located the defendants; the surety did not assist in the search. In light of the defendant Seybert's extensive criminal record, the surety knew or should have known that he had a propensity for flight.

(3) No way existed to determine exactly the State's cost, inconvenience, and the prejudice the State suffered, however, the initial apprehension of the defendants and their

- 4 -

subsequent indictment was the result of an extensive multi-county investigation which continued for over 30 days. The county attorney's office prepared an eight page information and undertook the burdensome task of interviewing several witnesses scattered across a tri-county area. The four defendants were incarcerated in three different counties, which necessarily required four public defenders and three county attorneys to prepare for the pre-trial hearings. Hearings were conducted on motions to reduce bonds. Further, the State continues to be prejudiced as a result of the subsequent death of a key witness and, with the lapse of time, the fading of other witnesses' memories.

(4) The public's interest in the matter is great because thousands of dollars in drugs, jewelry, cameras, liquor, and miscellaneous property were stolen. Instead of ordered restitution, the victim of the crime has nothing but disrespect and contempt for the legal process.

(5) No mitigating factors existed in favor of the surety.

(6) The previous partial forfeiture was an abuse of discretion, and the entire bail bond should have been forfeited initially.

American argues that the District Court's findings are not supported by the record. Specifically, American argues that the record does not indicate that the defendant Seybert had a propensity for flight; which party located the defendants; and that the State was prejudiced by the death of a key witness, since no evidence existed of the witness's death and the alleged death occurred prior to any possible trial date.

The District Court's findings of facts demonstrate that it considered the six factors set out in Seybert, 745 P.2d at 689, 44 St.Rep. at 1882. Substantial evidence exists to

support the District Court's finding that forfeiture of 100 percent of the bail bonds was justified in this instance. The lack of solid support in the record of one or more of the six factors does not render the District Court's decision arbitrary.

Finally, we reaffirm our holding in <u>Seybert</u> that when determining the amount of forfeiture of a bail bond, the statute does not limit a district court's discretion to actual damages. <u>Seybert</u>, 745 P.2d at 689, 44 St.Rep. 1881-82.

We affirm.

_William E Hunt_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_John C. Sheehy_

_R. C. McDonough_
Justices