No. 96-711

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

    Plaintiff and Respondent,

v.

JAMES F. RILEY and JEAN M. RILEY,

    Defendants and Appellants.

FILED

JUL 02 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable John W. Whelan, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

    James F. Riley and Jean M. Riley, Butte, Montana, pro se

    For Respondent:

    Joseph P. Mazurek, Attorney General, Cregg W. Coughlin, Assistant Attorney General, Helena, Montana; Robert M. McCarthy, Silver Bow County Attorney, Carlo Canty, Deputy Silver Bow County Attorney, Butte, Montana

Submitted on Briefs: June 12, 1997

Decided: July 2, 1997

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

This is an appeal by James F. Riley and Jean M. Riley (Rileys) from the October 11, 1996 judgment and order of the Second Judicial District Court, Silver Bow County, permanently enjoining Rileys from maintaining a public nuisance on their property and ordering them to abate the public nuisance found. We affirm.

This case commenced in August 1996, when the County Attorney filed a complaint against the Rileys, seeking abatement of a public nuisance allegedly being maintained by them on their real property in Silver Bow County. In September 1996, a hearing was held on the complaint and the State presented the testimony of Eric Allen, the Community Enrichment Coordinator for the Butte-Silver Bow Health Department; Dan Powers, the Environmental Health Director of the Butte-Silver Bow Health Department; John Lasky, the Fire Marshal for the City and County of Butte-Silver Bow; and Roberta Baker, the owner of rental property in the neighborhood of Rileys' property.

The testimony established the following: Rileys maintained piles of refuse five to fifteen feet high on their property and that such debris harbored vermin, rodents, insects and diseases borne by them. Rileys maintenance of large volumes and concentrations of debris

2

on their property posed an imminent danger of fire not only to Rileys themselves but to adjoining property and to the entire community. Neighboring properties suffered substantial economic loss because persons were not willing to rent such properties because of the condition of Rileys' properties.

Following the hearing the District Court entered findings of fact, conclusions of law and an order permanently enjoining Rileys from the storage and accumulation of junk motor vehicles, garbage, waste, refuse and debris, and ordering them to immediately abate the public nuisance on their property. Rileys timely appealed.

On appeal, Rileys contend that this Court should grant them additional time to build a fence and remove the "non-automotive" materials from their property. We note that Rileys already made this request to the District Court, and we conclude that the trial court did not abuse its discretion in refusing the request.

Section 45-8-111(1)(a), MCA, defines a public nuisance as:

> a condition which endangers safety or health, is offensive to the senses, or obstructs the free use of property so as to interfere with the comfortable enjoyment of life or property by an entire community or neighborhood or by any considerable number of persons[.]

A person who knowingly creates, conducts or maintains a public nuisance commits the offense of maintaining a public nuisance. Section 45-8-111(2), MCA.

Section 45-8-112, MCA, provides for an action to abate a public nuisance and authorizes the district court to order abatement. Moreover, this section of the Montana Code allows the trial judge considerable discretion in the manner in which the public nuisance is

3

to be remedied. Section 45-8-112(4), MCA, provides that the court may order confiscation and sale of all fixtures used on the premises; closure of the premises for a period not to exceed one year; opening of the premises after the posting of a sufficient bond to assure compliance with the order of abatement; or any combination of these remedies.

The test of abuse of discretion is whether the trial court acted arbitrarily without the employment of conscious judgment or exceeded the bounds of reason. State v. Musgrove (1983), 202 Mont. 516, 521, 659 P.2d 285, 288.

At trial, Rileys proposed to the District Court that they build a fence around the property and requested 120 days to do so. This request was denied by the trial court. The court did, however, permit both parties to submit proposals for remediation, and then as part of its order, the court granted Rileys 30 days to clean up the property, specifically including removal of junk automobiles.

We hold that the trial court did not abuse its discretion and that the public nuisance on Rileys' property was properly abated.

There is no legal basis on which this Court could grant the relief which Rileys request. They have not demonstrated any reversible error on appeal, and, accordingly, the trial court's judgment and order is affirmed.

_____
Justice

4

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5