No. 98-657

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 183N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JASON ROBERT NEELY,

Defendant,

v.

BEARTOOTH BAIL BONDS,

Appellant.

No

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Big Horn,

Honorable Susan P. Watters, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

John McFadden, pro se, Billings, Montana

For Respondents:

Honorable Joseph P. Mazurek, Attorney General; C. Mark Fowler,

Assistant Attorney General, Helena, Montana

Christine Cook, County Attorney, Hardin, Montana

Submitted on Briefs: July 1, 1999

No

Decided: July 28, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. John McFadden, d/b/a Beartooth Bail Bonds, appeals from an order reconfirming forfeiture of bail bond entered by the Thirteenth Judicial District Court, Big Horn County. We affirm.**

**¶3. The issue is whether the District Court abused its discretion in refusing to discharge forfeiture of bail bond.**

**¶4. Section 46-9-503, MCA, provides that a judge may declare bail forfeited if a defendant fails to appear before a court as required. When Jason Robert Neely failed to appear for a probation revocation hearing on February 2, 1998, the District Court ordered his $2,500 bond forfeited. The propriety of that action is not in dispute. Rather, Neely's bail bondsman, John McFadden, d/b/a Beartooth Bail Bonds, argues that the court erred in subsequently refusing to discharge the forfeiture.**

**¶5. Subsection (3) of § 46-9-503, MCA, provides:**

If at any time within 90 days after the forfeiture the defendant's sureties appear and satisfactorily excuse the defendant's failure to appear, the judge may direct the forfeiture to be discharged upon terms as may be just. If at any time within 90 days after the forfeiture the defendant appears and satisfactorily excuses the defendant's failure to appear, the judge shall direct the forfeiture to be discharged upon terms as may be just.

On February 8, 1998, McFadden located Neely and delivered him to the Big Horn County Sheriff's department. On March 16, 1998, McFadden appeared at a hearing regarding the forfeiture. McFadden informed the court that he was unaware of why Neely had failed to appear, but nevertheless asked that the forfeiture be discharged. The District Court refused to discharge the forfeiture, reasoning that McFadden had failed to offer a satisfactory excuse for Neely's failure to appear and that forfeiture offset the State's costs and promoted the public interest of insuring a defendant's appearance at trial.

**¶6. This Court reviews a district court's decision to forfeit a bond for abuse of discretion. The test is whether the court acted arbitrarily.** *State v. Seybert* **(1988), 231 Mont. 372, 374, 753 P.2d 325, 326.**

**¶7. McFadden argues that the court's refusal to discharge the forfeiture was not based or made "upon terms as may be just" as required under the statute. Citing** *State v. Musgrove* **(1983), 202 Mont. 516, 659 P.2d 285, he argues that it is not necessary that a reasonable excuse be provided for the failure to appear in order to justify discharging a forfeiture of bond. He asserts that a partial excuse is sufficient.**

**¶8. The statute provides for discharge of a forfeiture, upon such terms as may be just, "[i]f . . . the defendant's sureties appear and satisfactorily excuse the defendant's failure to appear." (Emphasis supplied.) McFadden offered no excuse whatsoever for Neely's failure to appear. He did not meet the burden, even in part, of satisfactorily excusing Neely's failure to appear.**

**¶9. If forfeiture is justified, the court's decision on the amount, if any, of the forfeiture to be discharged must be based on consideration of six factors:**

1. The willfulness of the defendant's violation of bail conditions;

2. The surety's participation in locating or apprehending the defendant;

3. The cost, inconvenience, and prejudice suffered by the State because of the violation;

4. Any intangible costs;

5. The public interest in ensuring the defendant's appearance; and

6. Any mitigating factors.

*State v. Seybert* (1987), 229 Mont. 183, 187, 745 P.2d 687, 689.

**¶10. In this case, the first two factors suggest opposite results. Under the record, there is nothing to indicate that Neely's violation of bail conditions was anything but willful. Addressing factor 2, however, McFadden points out that he located and produced Neely within days of Neely's failure to appear in court.**

**¶11. As to factor 3, McFadden argues that there was no evidence that the State had incurred expenses of $2,500 (the court found that the State incurred expenses "roughly equivalent" to $2,500), and that this is therefore an excessive forfeiture under *Seybert.* McFadden concedes, however, that the State incurred some expenses. In this regard, the court mentioned the costs associated with the issuance of a bench warrant for Neely's arrest, time and costs related to the State's appearance in court when Neely failed to appear, and the costs of motions and the hearing at which McFadden failed to provide a satisfactory excuse for Neely's earlier failure to appear. This Court has previously noted that the statute does not limit the court's discretion to actual damages. *Seybert*, 229 Mont. at 186, 745 P.2d at 689. It must further be remembered that in this case the court also ordered that bail be used to pay restitution for which Neely was obligated.**

**¶12. McFadden argues that the court's order requiring that the forfeiture be used to pay Neely's restitution in the amount of $1,245.91 contravenes § 46-9-512, MCA:**

(1) If the court enters a judgment declaring bail to be forfeited or if the order of forfeiture is not discharged, the court having jurisdiction may order the bail forfeited to be paid as restitution to any victim of the offense for which the court has received bail. Whenever the court believes that restitution may be proper, the court shall order a hearing for the purpose of considering the nature and extent of the victim's pecuniary loss as defined by law.

(2) If the court finds that restitution is appropriate, the court shall order restitution in an amount not exceeding the amount of the victim's complaint or the amount of the victim's pecuniary loss.

McFadden asserts that the revocation hearing was related to a conviction of drinking while driving, not the burglary conviction on which Neely owed $1,245.91 in restitution. But as the State points out, the record reflects that the court received bail because Neely violated probation on his burglary conviction. Accordingly, the court did not act improperly in ordering that the proceeds of bond forfeiture be used for restitution.

**¶13. The public interest in ensuring the defendant's appearance is a factor weighing for forfeiture. Finally, as a mitigating factor, McFadden asks why he, an honest businessman, should be "punished" by the court's decision that Neely's restitution be repaid from the bail bond. One answer to that question is that when he guaranteed bail for Neely, McFadden assumed a business risk that bond could be forfeited if his client failed to appear in court.**

**¶14. After reviewing the facts of this case, we conclude that the District Court did not abuse its discretion in refusing to discharge the bail forfeiture. We affirm the decision of the District Court.**

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.